IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

OLGA NOGUERA,

    Plaintiff,

v.

UNITED AIRLINES, INC. and
G2 SECURE STAFF, LLC,

    Defendants.

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant United Airlines, Inc. ("United") hereby removes this action from the District Court of Denver County, Colorado to the United States District Court for the District of Colorado. In support of this Notice of Removal, United states as follows:

### I. PROCEDURAL BACKGROUND

On April 25, 2024, Plaintiff Olga Noguera ("Plaintiff") filed a Complaint (the "Complaint") in the District Court of Denver County, Colorado, in the case captioned *Olga Noguera v. United Airlines, Inc., G2 Secure Staff, LLC,* Case No. 2024CV031264. In accordance with 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1, a copy of Plaintiff's Complaint, and all other process, pleadings, and orders filed in the state court are attached hereto as **Exhibits A-1 – A-9**. In addition, a copy of the current Register of Actions is attached hereto as **Exhibit B**.

United was served with the Complaint on May 1, 2024. *See* Return of Service (Exhibit A-

8).

Plaintiff has asserted a single claim against all Defendants for negligence arising out of an alleged incident in which Plaintiff, a passenger on a United Airlines flight, fell while in the concourse of Denver International Airport. *See* Complaint (Exhibit A-2) at ¶ 17. Plaintiff contends that as a result of this purported incident, she has sustained physical injuries and has incurred economic damages in excess of $100,000. *Id.* at ¶ 29; *see also* Civil Case Cover Sheet (Exhibit A-1).

## II. BASIS OF REMOVAL

This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the alleged amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists among the parties to this lawsuit.

### A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).

The Civil Case Cover Sheet filed with Plaintiff's Complaint contains a certification subject to Colo. R. Civ. P. 11 that Plaintiff is seeking a monetary judgment against Defendants for "more than $100,000" and that the value of Plaintiff's claims is "reasonably believed to exceed $100,000." *See* Civil Case Cover Sheet (Exhibit A-1).

This Court has held that the "amount in controversy" is measured by the value of the object of the litigation, and that such "value" can be either what the plaintiff seeks to recover monetarily, or what the cost would be to the defendant if the plaintiff in fact recovers. *Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208, 1212 (D. Colo. 2007). To determine the amount in controversy, the Court may look at the initial pleading signed and certified by counsel pursuant

2

to C.R.C.P. 11. *Id.* at 1215. *See also Levings v. Interstate Distributor Co.*, 2010 WL 5072021, at *3 (D. Colo. 2010) (finding that the defendant affirmatively established jurisdiction by proving facts, through defense counsel's affidavit, that make it possible that the amount in controversy in the case exceeded $75,000); *Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (holding that Plaintiff checking box on civil cover sheet indicating that the suit sought more than $100,000 was sufficient to put defendant on notice that the amount in controversy exceeded $75,000).

Because Plaintiff has certified that her alleged damages are in excess of $100,000, the amount in controversy in this case satisfies the jurisdictional minimum under 28 U.S.C. § 1332.

**B. Complete Diversity of Citizenship Exists Among Plaintiff and Defendants.**

In her Complaint, Plaintiff named the following parties as Defendants in this matter: (1) G2 Secure Staff, L.L.C. ("G2"); and (2) United. *See* Complaint (Exhibit A-2).

Plaintiff is and was at the time the state court action commenced a resident of Rhode Island. *See* Complaint (Exhibit A-2) at ¶ 3. Accordingly, Plaintiff is a citizen of Rhode Island for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

A corporation is a citizen of its state of incorporation and the state where its principal place of business is located. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015); 28 U.S.C. § 1332(c)(1).

Defendant United is a Delaware corporation with its principal place of business in Chicago, Illinois. *See* Complaint (Exhibit A-2) at ¶ 4. Thus, United is a citizen of both Delaware and Illinois.

For purposes of diversity jurisdiction, the citizenship of a limited liability company is

determined by the citizenship of all of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

G2 is a limited liability company. Upon information and belief, the members of G2 are: (1) Dan Norman; (2) John Graham; (3) Linda Hill; and (4) Roger Zebroski. Upon information and belief, all four members of G2 are residents of Texas. Thus, G2 is a citizen of Texas.

With Plaintiff being a citizen of Rhode Island, and United and G2 being citizens of other states, not including Rhode Island, there is complete diversity of citizenship among the parties to this lawsuit.

### III.  COMPLIANCE WITH REMOVAL STATUTES

**A. Proper Venue.**

The United States District Court for the District of Colorado encompasses the County of Denver, Colorado, the county in which Plaintiff filed the state court action.  Therefore, this case is properly removed to this Court under 28 U.S.C. § 1441(a).

**B. Timeliness of Removal.**

A case is removable within 30 days of service upon the defendant. 28 U.S.C. § 1446(b)(1). Here, Plaintiff filed this lawsuit on April 25, 2024. *See* Register of Actions (Exhibit B). United was served with the Complaint on May 1, 2024. *See* Return of Service (Exhibit A-8).

Because this Notice of Removal was filed within 30 days of service of the Complaint upon United, this removal is timely under the provisions of 28 U.S.C. § 1446(b). No previous application for removal has been made by United or any other party in this matter.

**C. Notice.**

Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of

4

Removal is being given to all parties and a copy of this Notice of Removal is being filed with the Clerk for the District Court of the City and County of Denver, Colorado.

## IV.  NON-WAIVER OF DEFENSES

In removing this case to federal court, United has not waived any available defenses to the allegations asserted against it in the Complaint and, unless otherwise stated in its responsive pleadings, United has not admitted to any of the allegations set forth in the Complaint. United expressly reserves the right to assert all available defenses to each allegation in the Complaint.

## V.  CONCLUSION AND PRAYER

As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, United respectfully requests that this lawsuit be removed to the United States District Court for the District of Colorado.

Dated:  May 22, 2024

                Respectfully submitted,

                */s/ Mark T. Clouatre*
                Mark T. Clouatre (#29892)
                Adrienne L. Toon (#42984)
                Nelson Mullins Riley & Scarborough LLP
                1400 Wewatta Street, Suite 500
                Denver, CO  80202
                Telephone: (303) 583-9900
                Facsimile:  (303) 583-9999
                mark.clouatre@nelsonmullins.com
                adrienne.toon@nelsonmullins.com

                ***Attorneys for Defendant United Airlines, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2024, I electronically filed the **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

       */s/ Nikki Hancock*
       of Nelson Mullins Riley & Scarborough, LLP